## Union Paving Company *v.* City of Philadelphia, Appellant.

Argued October 24, 1928.

Before HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

*James Francis Ryan*, Assistant City Solicitor, and with him *Augustus Trask Ashton*, City Solicitor, and *G. Coe Farrier*, for appellant.—Where the terms of the contract require preliminary work by a third party not in the control of either party to the contract, the contractor is not entitled to recover the estimated profits of the contract which could not be completed because of the failure of the third party to perform his part: Brown v. Exeter Machine Works, 60 Pa. Superior Ct. 365; Smith's Estate, 59 Pa. Superior Ct. 8; Miller v. Reading Hotel Company, 248 Pa. 541; White v. Carnegie Steel Company, 255 Pa. 100.

*Edmund R. Finegan*, and with him *Saul, Ewing, Remick & Saul*, for appellee.—The city is liable for breach of contract where the failure of an independent party to perform certain preliminary work prevents the contractor from completing the contract: Sheehan v. Pittsburgh, 213 Pa. 133; Smith v. Kaufman, 30 Pa. Superior Ct. 265; McManus v. Philadelphia, 195 Pa. 304; Harlow v. Beaver Falls Borough,

188 Pa. 263; Sauer v. McKees Rocks School District, 243 Pa. 294.

OPINION BY TREXLER, J., March 1, 1929:

The matter is submitted to the lower court on a case stated. On the 29th of September, 1921, the Union Paving Company entered into a contract with the City of Philadelphia for the doing of certain work on the streets in said city. The bid of the paving company was made upon a proposal blank which formed the basis of the contract and which is incorporated in it. The work on certain streets was performed and paid for. The special provisions of the contract under the title, "Scope of Work," states, "It is the purpose of this contract to repave the track area in the streets enumerated after the Philadelphia Rapid Transit Company has replaced the existing rail. The Philadelphia Rapid Transit Company will remove the blocks and pile them on the sidewalk; and do the subgrading to the bottom of the ties."

The Philadelphia Rapid Transit Company did not perform the work which was in contemplation on some of the streets and the contractor was unable to proceed with the work on them. It claims that as it was ready to perform the work, it is entitled to the profit which it would have made had the contract been performed. The court decided in its favor, the reasons stated being that, "There was no reservation in the contract to relieve the defendant from its terms in the event the transit company failed to perform the work which it was stated in the contract was to be done by that company. The plaintiff was ready to complete the contract, and by the failure of defendant to be in a position to enable plaintiff to proceed, a loss of profit was incurred in the amount stipulated in the case stated."

Whether the contract is divisible or not, it is certain that the contractor has been paid for what he

has done and is now claiming the balance of the amount to be paid to him, less the cost of performance which would be his profits. To get this, he must prove that he was unable to perform through some fault of the other party to the contract. He bases his claim on the readiness to perform and the impossibility of performing through the failure of a third party, the Philadelphia Rapid Transit Company.

Both parties to the contract knew that as a preliminary requisite, the taking up of the tracks by the transit company and the fixing of the street after the tracks, preparatory to the surfacing of the same, were required. This was a contingency of which both were aware, but neither could control. The city could not exact the performance of the contract where the transit company had not done its duty, nor could the contractor require anything of the city until such preliminary work was done. The paving was to be done after the ties were in place and the work was to keep pace with that of the transit company.

The scope or extent of the work was designated in the proposal which formed part of the contract and at the same time the condition precedent was stated and the two must be taken together. The director of Public Works ordered the plaintiff to proceed upon the streets mentioned in the contract. It finished some of them and was paid. Although ordered to proceed as to all, it could not comply, for the streets were not ready for the work. The director could not exact a compliance with the order and as the work was not done, could not exact a penalty as provided by the contract, neither could the contractor hold the city responsible, for neither was responsible for the situation which occurred through the failure of a third party. We are all of the opinion that the plaintiff is not entitled to recover.

The judgment is reversed.